FILED
CLERK

3:42 pm, Feb 16, 2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
WENDY GOLD, individually and on behalf of
all others similarly situated,

               Plaintiff,

     - against -

EVA NATURALS, INC.

               Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

21-CV-2842 (GRB)(AYS)

**GARY R. BROWN, United States District Judge**:

    Wendy Gold brings this class action suit against Eva Naturals Inc. after she purchased one of 25 products allegedly falsely advertised as "naturals" by defendant in violation of New York General Business Law ("GBL") Sections 349 and 350. Eva Naturals moves to dismiss, in light of *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), on the issue of standing as to the twenty-four products the named plaintiff has not purchased. For the reasons stated below, the Court finds that at this juncture plaintiff has standing to bring this action as a representative plaintiff on behalf of purchasers of all 25 products.

    *Procedural History*

    On April 19, 2021, plaintiff filed this class action in Nassau County Supreme Court. Docket Entry ("DE") 1-1. On May 19, 2021, defendant removed this case to federal court on the basis of diversity jurisdiction. DE 1. On July 19, 2021, the Court held a telephonic pre-motion conference regarding defendant's anticipated motion to dismiss. Hr. Tr., DE 15. At the conference, the Court deemed the motion made, and found that the plaintiff had set forth plausible claims under GBL § 349 and GBL § 350 for deceptive practices and false advertising, *id.* at 29:13-15; 30:18-23, and dismissed the unjust enrichment claim as duplicative. *Id.* at 31:4-7. Plaintiff

1

withdrew its injunctive relief claim, *id.* at 23:14-17; 31:7-8, and agreed to limit certification to a New York-only subclass for the GBL claims. *Id.* at 31:1-4. On September 7, 2021, the parties filed briefs on defendant's motion to dismiss for lack of standing. DE 16. This opinion follows.

*Facts*

Eva Naturals, Inc. is a skincare company based in Duson, Louisiana that sells a line of products throughout the US. Compl., DE 1-1, ¶ 33. Eva Naturals sells twenty-five skincare products (the "Products"). *Id.*, ¶ 1. Although the brand name "Eva Naturals" is prominently displayed on product labels, the ingredient list purportedly reveals a number of synthetic ingredients. *Id.* at 8. As asserted in the complaint, all twenty-five products at issue display "Eva Naturals" branding but contain multiple synthetic ingredients. *Id.* at 8–32. Wendy Gold, a citizen of Nassau County, purchased Eva Naturals Skin Firming Serum in January 2021 for $18.41. *Id.*, ¶ 31. Plaintiff contends that she would not have been willing to pay the same premium for the product if she knew that the product contained synthetic ingredients. *Id.*, ¶ 32. Plaintiff brings this action on behalf of herself and those similarly situated, seeking to certify a Class "defined as all consumers who purchased the Products anywhere in the United States." *Id.*, ¶¶ 34-35.

*Standing in Class Actions*

"Standing in the class action context requires a bifurcated inquiry." *Petrosino v. Stearn's Prod., Inc.*, No. 16-CV-7735 (NSR), 2018 WL 1614349, at *5 (S.D.N.Y. Mar. 30, 2018). First, the representative plaintiff must establish that she has Article III standing. To establish Article III standing, a plaintiff must show "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)). Second, the plaintiff must establish that she has "class standing." "[I]n a putative class action, a plaintiff has

class standing if he plausibly alleges (1) that he 'personally has suffered some actual . . . injury as a result of the putatively illegal conduct of the defendant,' and (2) that such conduct implicates 'the same set of concerns' as the conduct alleged to have caused injury to other members of the putative class by the same defendants[.]" *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 162 (2d Cir. 2012) (citations omitted). Once "standing is satisfied . . . the inquiry shift[s] to a class action analysis." *Id.* at 159 (citation omitted); *see also Sosna v. Iowa*, 419 U.S. 393, 403 (1975) ("Th[e] conclusion [that the named plaintiff has standing] . . . shift[s] the focus of examination from the elements of justiciability to the ability of the named representative to 'fairly and adequately protect the interests of the class.'").

"[S]ubject to further inquiry at the class certification stage, a named plaintiff has standing to bring class action claims under state consumer protection laws for products that he did not purchase, so long as those products, and the false or deceptive manner in which they were marketed, are sufficiently similar to the products that the named plaintiff did purchase." *Grossman v. Simply Nourish Pet Food Co. LLC*, 516 F. Supp. 3d 261, 276–77 (E.D.N.Y. 2021) (citations and internal quotation marks omitted). Although "[d]istrict courts in this Circuit are divided over whether class standing should be resolved at the pleading stage or the class certification stage," the issue of class standing may be considered on a motion to dismiss. *Id.* at 276–77 (denying without prejudice motion to dismiss for lack of class standing which may be challenged again at the class certification stage). After the motion to dismiss, "specific concerns regarding the [Products'] differences can be addressed at the class certification stage." *Id.* at 277 (citation omitted).

*Discussion*

As the Supreme Court has acknowledged, "there is some 'tension' in its case law as to

3

whether 'variation' between (1) a named plaintiff's claims and (2) the claims of putative class members 'is a matter of Article III standing . . . or whether it goes to the propriety of class certification pursuant to [Fed.R.Civ.P. 23(a) ].'" *NECA-IBEW Health & Welfare Fund*, 693 F.3d at 160 (citing *Gratz v. Bollinger*, 539 U.S. 244, 263 & n. 15 (2003)). In *Blum v. Yaretsky*, for instance, the Supreme Court held that two nursing home residents challenging their transfer to lower levels of care lacked standing with respect to patients who were transferred to higher levels of care. 457 U.S. 991, 1001 (1982). "[A] plaintiff who has been subject to injurious conduct of one kind [does not] possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject." *Id.* at 999. In *Gratz v. Bollinger*, however, a transfer student who challenged the use of race in undergraduate transfer admissions had standing to represent others challenging the use of race in freshman admissions because it did not implicate a "significantly different set of concerns." 539 U.S. at 265.

Here, the question is whether the named plaintiff, who purchased only one of the products at issue, has standing to represent members of the class who purchased *any* of defendant's twenty-five skincare products. The Second Circuit's decision on class standing in *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.* is instructive. There, a fund that had purchased two mortgage-backed certificates sued on behalf of a putative class consisting of persons who had acquired any of the seventeen certificates sold under the same shelf registration statement. 693 F.3d at 149–50. Because the alleged misrepresentations concerned whether particular mortgage originators had abandoned their underwriting guidelines, "to the extent certain Offerings were backed by loans originated by originators common to those backing the [offerings that plaintiff had purchased], [plaintiff]'s claims raise a sufficiently similar set of concerns to permit it to purport to represent Certificate-holders from those Offerings." *Id.* at 164. Hence, the fund had class

4

standing to assert the claims of those who purchased certificates containing loans from the same originators that had backed plaintiff's mortgage-backed certificates. *Id.*

Plaintiff satisfies the requirements for class standing at this juncture. First, it is undisputed that plaintiff personally suffered an actual injury in the form of a price premium as a result of the defendant's conduct. *See* DE 16-2 at 7–8. Second, based on the allegations, plaintiff's purchase of Eva Naturals Skin Firming Serum implicates the same set of concerns as the sale of the other twenty-four Eva Naturals products at issue. Each of the twenty-five products prominently feature the brand name "Eva Naturals" on the product label although in reality these products allegedly contain synthetic ingredients. *See* Compl., at 8-32. Thus, even though the plaintiff did not purchase each of the products at issue, the "nature and content of the specific misrepresentation[s] alleged" are sufficiently similar because they all arise from the same "Eva Naturals" branding. *See NECA-IBEW Health & Welfare Fund*, 693 F.3d at 164; *see also Grossman*, 516 F. Supp. 3d at 267, 276–77 (plaintiff who purchased two "Simply Nourish" dog food products purportedly made from "Natural Ingredients" had class standing with respect to other "Simply Nourish" products advertised as natural that she did not purchase). Of course, while plaintiff has alleged sufficient facts to support class standing at this juncture, further discovery may reveal differences in the nature of the alleged misrepresentations that preclude a finding of class standing. *See DiMuro v. Clinique Lab'ys, LLC*, 572 F. App'x 27, 29 (2d Cir. 2014) (plaintiff who purchased three out of seven cosmetic products lacked class standing because the defendant "made different advertising claims for each product").

*TransUnion* does not dictate a different result because it dealt with the issue of Article III standing – not class standing. *TransUnion* held that class members whose credit files contained misleading OFAC alerts but were never disseminated to third-party businesses lacked standing

5

because they suffered no concrete harm. 141 S. Ct. at 2208–13. Here, again based solely on the allegations, the putative class members have all suffered a concrete injury because they paid a price premium for a purportedly "natural" product. Thus, *TransUnion*'s requirement that "[e]very class member . . . have Article III standing in order to recover individual damages" is satisfied. *Id.* at 2208.

The cases cited by defendant fail to persuade. Defendant cites only one district court case in this Circuit which suggests a different result. *See Elkind v. Revlon Consumer Prod. Corp.*, No. 14-CV-2484 JS AKT, 2015 WL 2344134 (E.D.N.Y. May 14, 2015). The Court respectfully disagrees with the approach taken in *Elkind v. Revlon Consumer Prod. Corp.*, which effectively requires a representative plaintiff to have been injured in a "personal and individual way" with respect to each product purchased. *Id.* at *4 ("Insofar as Plaintiffs' claims arise from the marketing and labeling of the Powder, those claims fail at the first element. Because they have not purchased the Powder, Plaintiffs have not been injured in the 'personal and individual way' required by Article III.") (citation omitted). Such an approach appears at odds with the reasoning and the result in *NECA-IBEW Health & Welfare Fund*, which held that "the district court erred in concluding, based on the fact that [plaintiff] purchased just two 'particular ... [C]ertificate[s] from ... particular tranche[s] from ... particular [T]rust[s]' that it necessarily lacked standing to assert claims *on behalf of* purchasers of Certificates from other Trusts and from other tranches …." *See* 693 F.3d at 158. As explained *supra*, "[t]o establish Article III standing in a class action ... for every named defendant there must be at least one named plaintiff who can assert a claim directly against that defendant, and at that point standing is satisfied and only then will the inquiry shift to a class action analysis." *Id.* at 159 (citation omitted). Finally, the Second Circuit summary order *DiMuro v. Clinique Lab'ys, LLC* is distinguishable because there the plaintiff lacked class standing since the

6

manufacturer "made different advertising claims for each product." 572 F. App'x at 29. Here, the manufacturer used the same allegedly deceptive "Eva Naturals" branding across all twenty-five products. *See* Compl., at 8–32. Defendant had the opportunity to adduce evidence showing that the nature of the misrepresentations was different across products, as in *Clinique*, but has failed to do so. *See Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.a.r.l*, 790 F.3d 411, 417 (2d Cir. 2015) ("In deciding a Rule 12(b)(1) motion, the court may also rely on evidence outside the complaint."). As the defendant produced no such information, and the allegations suggest that the purported false statements are coextensive as to all 25 products, the motion must be denied.

*Conclusion*

For the reasons stated herein, the Court finds that the named plaintiff has class standing with respect to all 25 Eva Naturals products at this juncture. Defendant may renew its arguments regarding class standing at the class certification stage.

**SO ORDERED.**

Dated: February 16, 2022
      Central Islip, New York

                                               /s/ Gary R. Brown
                                             HON. GARY R. BROWN
                                             UNITED STATES DISTRICT JUDGE